IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–cv–02664–MSK–KMT

PETE ARCHULETA,

     Plaintiff,

v.

LOU ARCHULETA, in his individual capacity,
FRANCES FALK, in her individual capacity,
TRAVIS TRANI, in his individual capacity, and
RICK RAEMISCH, in his official capacity,

     Defendants.

---

# ORDER

---

    This matter is before the court on Defendants' "Motion to Stay Discovery and Vacate Scheduling Conference Currently Set for 2/11/16." (Doc. No. 14).[1]  Plaintiff has filed a Response (Doc. No. 19), to which Defendants have replied.  (Doc. No. 24.)

    In this case, Plaintiff asserts two claims, pursuant to 42 U.S.C. § 1983, based on retaliation for exercising his First Amendment rights.  (*See generally* Doc. No. 1.)  Defendants seek to stay discovery in this action until the district court rules on their Motion to Dismiss, in which they argue they are entitled to qualified immunity against Plaintiff's individual capacity federal law claims and that Defendant Raemisch, in his official capacity as the Executive Director of the Colorado Department of Corrections, is entitled to Eleventh Amendment

---

[1] The Scheduling Conference previously scheduled for February 11, 2016 was vacated, *see* Doc. No. 16, to be reset, if necessary, as addressed herein.

immunity.  (Doc. No. 23.)  Accordingly, Defendants maintain that a stay is appropriate because qualified and Eleventh Amendment immunity not only protect the state and state officials from liability, but also from suit, including the burdens of discovery.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc*., 02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006).  Federal Rule of Civil Procedure 26 does, however, provide:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . .  The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . .

Fed. R. Civ. P. 26(c).  Moreover, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  An order staying discovery is thus an appropriate exercise of this court's discretion. *Id.*

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (noting that qualified immunity, if successful, protects an official both from liability and the ordinary burdens of litigation, including far-ranging discovery) (citing

*Harlow v. Fitzgerald*, 457 U.S. 800, 817–18 (1982)).  As explained by the court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed.  Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government.  The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.  *See also Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (noting that qualified immunity is "an immunity from suit rather than a mere defense to liability . . . it is effectively lost if a case is erroneously permitted to go to trial."); *Univ. of Tex. at Austin v. Vratil*, 96 F.3d 1337, 1340 (10th Cir. 1996) ("Eleventh Amendment immunity entitles a state not only to protection from liability, but also from suit, including the burden of discovery, as a party, within the suit.")

In light of the Supreme Court and Tenth Circuit guidance regarding the protections inherent in qualified and Eleventh Amendment immunity, the court concludes that a temporary stay of discovery is appropriate as to each of Plaintiff's claims and requests for relief.  The court notes it may stay discovery where "resolution of a preliminary motion may dispose of the entire action."  *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors*, 357 F. Supp. 2d 1277, 1281 (D. Colo. 2004) (citing *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D.Fla. 2003)).  Plaintiff does not dispute that Defendants' Motion to Dismiss, if granted in toto, would dispose of this entire action.

Additionally, the court finds that the factors traditionally considered in this district do not prompt a different result.  These factors include: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery.  *String Cheese Incident,* 2006 WL 894955, at *2.

As to the first factor, the court acknowledges Plaintiff has a significant interest in proceeding expeditiously on his claims; indeed, this interest is arguably heightened here, as Plaintiff maintains Defendants' alleged retaliation is ongoing.  (*See* Doc. No. 26 at 2-3.) However, the court finds this interest is outweighed by the burden on Defendants if they were forced to proceed with discovery in spite of well-established precedent supporting a stay of discovery and other proceedings when an immunity defense has been raised.  *Vratil*, 96 F.3d at 1340; *cf,. Crawford–El v. Britton*, 523 U.S. 574, 598 (1998) (citing *Harlow*, 457 U.S. at 818 (1982)) (noting that "if the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery.")

The third factor, regarding the convenience of the court, also weighs in favor of a stay. The court finds it is obligated to at least partially stay discovery pursuant to Defendants' assertions of Eleventh Amendment and qualified immunity.  Although Plaintiff has included requests for injunctive and declaratory relief in his Complaint, *see* Doc. No. 1 at 8, proceeding with discovery only to the extent Plaintiff's claims seek such relief would promote a piecemeal disposition of this case.  Moreover, if the court were to permit such discovery, it would

undoubtedly be faced with irresolvable discovery disputes over whether Plaintiff's future discovery requests violate the partial stay, or are instead permissibly targeted at unstayed claims. *Robillard v. Bd. of Cnty. Comm'rs of Weld Cnty.*, No. 11–cv–03180–PABKMT, 2012 WL 694507, at *3 (D. Colo. March 1, 2012).  Such an approach would be unenviable and waste scarce judicial resources.

Finally, neither the interests of nonparties nor that of the general public counsel a different outcome.  As to the latter factor, although the public interest is well-served by prompt and efficient handling of litigation, particularly where the litigation involves allegations against a public entity and its officials, the public also has an interest in ensuring that state entities and officials that may be immune from suit are not needlessly burdened with undue discovery.

Accordingly, it is

**ORDERED** that Defendants' "Motion to Stay Discovery and Vacate the Scheduling Conference Currently Set for 2/11/16" (Doc. No. 14) is **GRANTED**.  Discovery is stayed in this matter until the final ruling on the Motion to Dismiss.  The parties shall file a status report within ten days of the same to advise if the previously vacated Scheduling Conference should be reset.

Dated this 5th day of April, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge